John Richard **BREWER**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1982.

David L. Drake, Covington, for appellant.

Steven L. Beshear, Atty. Gen., William L. Davis, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C. J., and GUDGEL and WINTERSHEIMER, JJ.

HAYES, Chief Judge:

Appellant John Richard Brewer was convicted of stealing a 1980 Suzuki 850L motorcycle owned by Michael Brady, a policeman. Witnesses testified as to seeing Brewer take the two month old motorcycle and load it into his van, where it was discovered upon his arrest while driving the van. A more substantial case could not have been made by the Commonwealth absent motion pictures. The only defense was that appellant took the cycle by "mistake".

Appellant shotguns the issues on appeal claiming the trial court did nothing correctly. None of appellant's issues have merit.

■ The owner of the motorcycle can certainly state his opinion as to the value of his property. His testimony was not unreasonable since the motorcycle, only two months old when stolen, had only 3000 miles on it and was unwrecked. There was sufficient descriptive testimony about the motorcycle which would enable the jury to make an informed conclusion that the cycle was worth more than $100.00 in value. *Lee v. Commonwealth*, Ky.App., 547 S.W.2d 792 (1977).

■ The second issue raised by appellant is equally without merit. May the Commonwealth, for impeachment purposes, use a prior felony conviction that is ten years old? Obviously it may. Counsel for appellant is reminded that the Kentucky courts have not adopted Federal Rule of Evidence 609(b) which would exclude the use of prior convictions over ten years old. It is also noted that the prior felony conviction was not obtained in 1971 but in 1973 making it eight years old instead of ten. Therefore the Federal Rule would not apply even if adopted by this court.

■ The trial court properly and promptly admonished the jury as to the effect of the witness's prior felony conviction. Whether this admonition was immediately after the testimony concerning the prior felonies or at the conclusion of his testimony is of no consequence.

■ The last issue raised by the appellant, that the prior felonies could not be used to impeach because the witness's civil rights had been restored, is also unpersuasive. The law is clear that a restoration of one's civil rights does not erase history. The witness could certainly be impeached by his prior felonies. *Cowan v. Commonwealth*, Ky., 407 S.W.2d 695 (1966).

The judgment is affirmed.

All concur.