FERGUSON, Judge.
Green was convicted and sentenced for burglary and grand theft of a police scanner from a University of Miami complex. He challenges the sufficiency of the evidence on the theft charge and the seven-year sentence on the burglary charge. We reverse on both points.
The offenses were witnessed by Charles Harvey, a patrol investigator and shift commander employed by the University, who recovered the scanner and arrested the defendant. On direct examination he valued the item at its $399.95 invoice price without indicating the age or condition of the scanner, or whether in his valuation an allowance had been made for depreciation. See Negron v. State, 306 So.2d 104 (Fla.1974) (proof of value is essential element of crime of grand larceny; testimony as to cost is insufficient to establish value). On cross-examination Harvey admitted to having previously reported the value at between $250 and $350.
This case is controlled by Negron and Beasley v. State, 305 So.2d 285 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 180 (Fla.1975). In Beasley, we held that a theft victim’s testimony that the stolen stereo was purchased for $225 one year before the theft was insufficient to prove that the stereo had a market value in excess of $100 on the date of the theft.
On the sentencing issue the State concedes, correctly, that burglary of a structure, as charged in the information, is a third-degree felony punishable by a maximum five-year sentence. §§ 810.02(3), 775.082(3)(d), Fla.Stat. (1991).
The conviction for burglary is affirmed, but the sentence is vacated; the conviction for grand theft is reduced to petite theft and the sentence is vacated; the cause is remanded for resentencing.