STATE OF NEBRASKA, APPELLEE, V.
DALE GARTNER, APPELLANT.
638 N.W.2d 849

Filed February 8, 2002.   No. S-00-1215.

154

Arthur R. Langvardt, of Langvardt & Valle, P.C., for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## I. NATURE OF CASE

Dale Gartner, former Adams County assessor, was charged with theft after several items of county property were found in his possession after he left office. The primary question presented in this appeal is whether the State presented sufficient evidence regarding the value of the property at the time that it was stolen.

## II. BACKGROUND

Gartner was appointed Adams County assessor in 1993 and was elected to a 4-year term in 1995. Gartner sought reelection but was defeated in the primary election on May 12, 1998. Gartner left office on January 6, 1999.

In November 1998, Adams County retained a private accounting firm, Contryman Associates, to conduct an audit of the Adams County assessor's office. The audit began on January 7, 1999. Contryman obtained, from the Adams County clerk, a list of invoices for items purchased by the assessor's office from August 1998 through January 1999. Contryman found invoices for several items that could not be located and prepared a list of those items.

Investigators from the Nebraska State Patrol obtained a search warrant for the items. Searches were conducted on February 26, 1999, at Gartner's residence and at commercial

property owned by Gartner. Several items of county property were seized, including an inkjet printer, a fax modem, and a file cabinet. Investigators later obtained a second search warrant, executed on March 26, 1999, and seized another item, a fax machine. The final item relevant to this appeal, a digital camera, was surrendered to the prosecution by Gartner, through his attorney, shortly before trial.

Gartner was charged by information with seven counts of theft, pursuant to Neb. Rev. Stat. § 28-511(1) (Reissue 1995). Count I of the information was dismissed prior to trial, and the jury found Gartner not guilty on count IV of the information; neither of these charges is relevant to this appeal.

Count II of the information charged Gartner with the theft of a digital camera. The camera was purchased by the assessor's office on December 9, 1998, at a price of $799. The information alleged that Gartner stole the camera sometime between December 9, 1998, and January 7, 1999. When the camera was recovered, it was still in its box and it did not appear that the camera had been used or that the box had ever been opened.

Count III of the information charged Gartner with the theft of a file cabinet. The file cabinet was purchased for the assessor's office on June 13, 1998, for a price of $154.95, and the information alleged that the cabinet was stolen on the date of purchase.

Count V of the information charged Gartner with the theft of an inkjet printer. The printer was sold to the assessor's office on September 14, 1996, for a price of $400. Shayne Raitt, the manager of Computer Hardware, a retail computer store in Hastings, Nebraska, testified that on January 7, 1999, the date on which the printer was allegedly stolen, the printer was worth approximately $25 to $50.

Count VI of the information charged Gartner with the theft of a fax modem. The fax modem was sold to the assessor's office on June 13, 1998, for a price of $140. The information alleged that Gartner stole the fax modem on the date of purchase.

Count VII of the information charged Gartner with the theft of a fax machine. The fax machine was purchased on June 13, 1998, by the assessor's office, at a price of $525. The information alleged that the fax machine was stolen sometime between June 13, 1998, and January 7, 1999.

After trial, Gartner was convicted, pursuant to jury verdict, on counts II, III, V, VI, and VII. On count II, the jury determined that the theft occurred on January 7, 1999, and that the value of the digital camera was $799, thus finding Gartner guilty of a Class IV felony. See Neb. Rev. Stat. § 28-518(2) (Reissue 1995). On count VII, the jury found that the theft occurred on January 7, 1999, and that the value of the fax machine was $525, thus finding Gartner guilty of another Class IV felony. See *id.* On counts III, V, and VI, the jury found that the value of the property for each charge was less than $200 at the time of the theft, thus finding Gartner guilty of three Class II misdemeanors. See § 28-518(4).

Gartner was sentenced to 24 months' probation and 180 days in jail on counts II and VII and to 90 days in jail on counts III, V, and VI, with jail terms to be served concurrently. Gartner was also fined $10,000 for each felony conviction, fined $1,000 for each misdemeanor conviction, assessed court costs, and ordered to perform community service and rehabilitation therapy.

## III. ASSIGNMENTS OF ERROR

Gartner assigns the following errors, as consolidated: (1) The district court erred in overruling Gartner's motion for directed verdict at the close of the State's case; (2) the district court erred in giving its instruction No. 6 and in rejecting Gartner's proposed instruction as to the elements of the crime of theft and the methodology the jury was to follow; (3) the district court erred in giving verdict forms that limited the jury's discretion as to its determination of the dates of the alleged thefts to those dates charged in the information despite the lack of value evidence relating to those dates; (4) the district court erred in denying Gartner's motion for declaration of a mistrial based upon the prosecutor's misconduct; and (5) because of a lack of evidence of value at the times of the takings, the jury's verdict is not supported by adequate evidence.

## IV. STANDARD OF REVIEW

In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence,

viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Ildefonso,* 262 Neb. 672, 634 N.W.2d 252 (2001). When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Redmond,* 262 Neb. 411, 631 N.W.2d 501 (2001), *cert. denied* 534 U.S. 1033, 122 S. Ct. 573, 151 L. Ed. 2d 445.

Whether jury instructions given by a trial court are correct is a question of law. *State v. Taylor,* 262 Neb. 639, 634 N.W.2d 744 (2001). The meaning of a statute is a question of law. *State v. Johnson,* 250 Neb. 933, 554 N.W.2d 126 (1996). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Isham,* 261 Neb. 690, 625 N.W.2d 511 (2001).

The decision to grant a motion for mistrial is within the discretion of the trial court and will be upheld on appeal absent a showing of abuse of discretion. *State v. McLemore,* 261 Neb. 452, 623 N.W.2d 315 (2001).

## V. ANALYSIS

Gartner was charged with violation of § 28-511(1), which provides that "[a] person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof." Section 28-518 further provides, in relevant part:

(2) Theft constitutes a Class IV felony when the value of the thing involved is five hundred dollars or more, but not over one thousand five hundred dollars.

(3) Theft constitutes a Class I misdemeanor when the value of the thing involved is more than two hundred dollars, but less than five hundred dollars.

(4) Theft constitutes a Class II misdemeanor when the value of the thing involved is two hundred dollars or less.

. . . .

(8) In any prosecution for theft under sections 28-509 to 28-518, value shall be an essential element of the offense that must be proved beyond a reasonable doubt.

## 1. DIRECTED VERDICT

Gartner's first assignment of error is that the district court erred in overruling his motion for directed verdict made at the end of the State's case in chief. However, the record shows that after the overruling of his motion for directed verdict, Gartner presented evidence and did not renew his motion for directed verdict at the conclusion of all the evidence.

A defendant who moves for dismissal or a directed verdict at the close of the evidence in the State's case in chief in a criminal prosecution, and who, when the court overrules the dismissal or directed verdict motion, proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict, but may challenge sufficiency of the evidence for the defendant's conviction. *State v. Severin*, 250 Neb. 841, 553 N.W.2d 452 (1996). Thus, Gartner has waived any error regarding his motion for directed verdict made at the close of the State's case in chief, and we do not address his assignment of error. Gartner, however, may still challenge the sufficiency of the evidence to sustain his convictions, which we address below as presented by his fifth assignment of error.

## 2. JURY INSTRUCTIONS

Gartner's second assignment of error relates to the district court's jury instruction No. 6. That instruction stated for each charge that the value of the property was an element of the offense and that, before the jury could find Gartner guilty, "the value of the property must be proved beyond a reasonable doubt and determined pursuant to the last paragraph of this instruction titled DECLARATION OF VALUE." The last paragraph of the instruction read as follows:

> If you decide that the defendant was guilty of theft by unlawful taking on any one or more of the six counts then you must decide as an element beyond a reasonable doubt the value of each item taken. Once you have so decided the value, simply record the amount on the appropriate verdict form. There will be a numbered verdict form for each count. If you decide that the item taken had no value then say so on the verdict form.

The jury was also instructed, in the district court's instruction No. 12, that "[t]he value to be proved concerning a theft charge is market value of the property taken at the time and place where the property was criminally appropriated."

Gartner argues that to the extent that the last paragraph of instruction No. 6 implied that the decision of guilt could be made before the value of the item taken was determined, the instruction was confusing and therefore prejudicial.

In a theft prosecution, the value of the property stolen is now an essential element of the offense that must be proved beyond a reasonable doubt. See, § 28-518(8); *State v. Mohr*, 10 Neb. App. 442, 632 N.W.2d 382 (2001). Prior to 1992, however, the value of stolen property was not an element of the crime because value was not specified by the statute defining theft, and therefore, value was important only in determining the penalty. See *In re Interest of Shea B.*, 3 Neb. App. 750, 532 N.W.2d 52 (1995), citing *State v. Culver*, 233 Neb. 228, 444 N.W.2d 662 (1989). The Legislature amended the statute in 1992 and reinserted value as an element of theft. See, *id.*; § 28-518(8); 1992 Neb. Laws, L.B. 111. The district court's instruction No. 6, however, was clearly derived from NJI2d Crim. 3.6, which was drafted prior to the statutory amendment.

The district court adapted the language of NJI2d Crim. 3.6 to reflect the statutory amendment, insofar as instruction No. 6 provided that the value of the stolen property was an element of the offense. Nonetheless, the instruction retained language in the "Declaration of Value" paragraph which provided that if the jury found the defendant guilty of theft, then it was to determine the value of the item taken. This language is confusing, and we agree with Gartner that the district court erred in that regard.

■ However, in an appeal based on a claim of erroneous jury instructions, the appellant has the burden to show that the questioned instructions were prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Johnson*, 261 Neb. 1001, 627 N.W.2d 753 (2001). We conclude that under the circumstances of this case, Gartner was not prejudiced by the district court's erroneous instruction. The district court clearly instructed the jury that the State was required to prove,

as an element of the offense, the value of the stolen property beyond a reasonable doubt. On each of the counts of which Gartner was convicted, the jury found the value of the property to be proved and indicated the value of the property on the verdict form. Even if the jury had been confused by the "Declaration of Value" paragraph and in some way determined Gartner's guilt prior to considering the value of the stolen property, the record affirmatively shows that the jury found the value of the stolen property to be proved beyond a reasonable doubt for each of the counts on which Gartner was convicted.

Because the jury was instructed that the State was required to prove, as an element of the offense, the value of the stolen property beyond a reasonable doubt, and because the record shows that the jury found the State to have met this burden, we conclude that Gartner was not prejudiced by the district court's erroneous formulation of jury instruction No. 6. Gartner's second assignment of error presents no basis for reversal.

### 3. Verdict Forms

Gartner's third assignment of error relates to the guilty verdict forms for counts III, V, and VI. The guilty verdict form for count III required the jury to determine the value of the file cabinet on June 13, 1998. The guilty verdict form for count V required the jury to determine the value of the inkjet printer on January 7, 1999. The guilty verdict form for count VI required the jury to determine the value of the fax modem on June 13, 1998. Gartner argues that the district court erred in providing verdict forms which specified the dates for which the value of the stolen items was to be determined.

Gartner did not object, however, to those portions of the jury instructions, particularly instruction No. 6, that specified the dates on which the items were alleged to have been stolen. The jury was specifically instructed that in order to find Gartner guilty, the State must have proved that the thefts occurred on the dates alleged in the information. For instance, on count III, the information alleged that Gartner stole the file cabinet on June 13, 1998, and the jury was instructed that the State was required to prove that the theft occurred on June 13 and the value of the item on that date.

Consequently, the district court did not err in providing (guilty) verdict forms that were simply consistent with the jury instructions that had been given. As discussed more fully below, the State was required to prove the value of the stolen property at the time of the thefts. The jury instructions required that if the State did not prove that the thefts occurred on the date alleged in the information, Gartner was to be found not guilty. The guilty verdict forms properly required the jury to find the value of the stolen items on the dates alleged in the information because those were the only dates on which Gartner could have, pursuant to jury instruction No. 6, been found guilty of the thefts. Gartner's third assignment of error is without merit.

#### 4. PROSECUTORIAL MISCONDUCT

During closing argument, the prosecutor stated: "Ladies and gentlemen of the jury, I submit to you that Mr. Gartner formed the intent to deprive the county of these items, and these are the items we've charged him with. We haven't charged him with others." Gartner immediately objected. The objection was sustained, and Gartner made a motion for a mistrial. The motion for mistrial was overruled, but the jury was admonished to disregard the prosecutor's improper argument. Gartner's fourth assignment of error is that the district court erred in overruling his motion for a mistrial.

A mistrial is not necessarily required if the resulting prejudice can be cured by an admonition to the jury. *State v. Jackson*, 258 Neb. 24, 601 N.W.2d 741 (1999). An objection followed by an admonition or instruction is typically presumed to be sufficient to dispel prejudice. *Id.*

In this case, the district court did not abuse its discretion in overruling Gartner's motion for mistrial. We note that the record contains evidence, admitted without objection, of several additional items of county property that were recovered from Gartner's possession, but the theft of which was uncharged. While the prosecutor's statement was improper, given the context of this record, we conclude that the district court's prompt admonition to the jury was sufficient to dispel any potential prejudice resulting from the statement. Gartner's fourth assignment of error is without merit.

## 5. SUFFICIENCY OF EVIDENCE

Gartner's final assignment of error is that the evidence is insufficient to sustain his convictions. Specifically, he argues that the State did not present sufficient evidence of the value of the stolen property at the time of the thefts.

The State must prove, beyond a reasonable doubt, the value of the property that is the subject of the theft charge. *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992). Value to be proved concerning a theft is market value at the time and place where the property was criminally appropriated. *Id.* There is no better way of showing the market value of any article than the price at which it and others of its class are being offered and sold on the market. *Id.* In reference to the crime of theft, value is established by evidence concerning the price at which property identical or reasonably similar to the property stolen is offered for sale and sold in proximity to the site of the theft. *Id.*

### (a) Counts III and VI

We first address the sufficiency of the evidence to sustain Gartner's convictions on counts III and VI. On each of these charges, the State alleged that the theft occurred at the time of the purchase. The State's theory of the case, as presented at trial, was that while Gartner ostensibly purchased the file cabinet and fax modem for the assessor's office, Gartner intended at the time of purchase to keep them for himself.

Gartner does not argue on appeal that the evidence is insufficient to support the conclusion that Gartner stole the file cabinet and fax modem at the time that they were purchased. Consequently, we conclude that the evidence is sufficient to sustain these convictions. Because the items were purchased from retail stores by Gartner, the State's evidence shows not only the price at which the items were offered for sale, but the price at which they were actually sold. Compare *Garza, supra* (evidence of market value insufficient where evidence was presented of price asked for property, but no evidence showed that property was actually purchased at that price). Taken in the light most favorable to the State, this evidence is sufficient to support the jury's determination regarding the value of the file cabinet and fax modem at the time of the thefts, and the evidence is sufficient to sustain Gartner's convictions on these counts.

### (b) Count V

Count V of the information alleged the theft of an inkjet printer on January 7, 1999. The State presented the testimony of Raitt, the manager of a retail computer store, that on January 7, the value of the inkjet printer was $25 to $50. The jury determined that the value of the printer at the time of the theft was $25. This determination was obviously supported by Raitt's testimony, and the evidence is sufficient to sustain Gartner's conviction on count V.

### (c) Count II

A different question is presented regarding the sufficiency of the evidence to sustain Gartner's conviction on count II of the information, for the theft of a digital camera. The jury determined that the digital camera was stolen on January 7, 1999, and that it was worth $799 at the time of the theft. The only evidence supporting this determination, however, is that the digital camera cost $799 when it was purchased on December 9, 1998, less than a month before the date on which the jury determined that the theft occurred.

We have stated:

> While it is true that . . . it is necessary for the State to establish the market value of the stolen property as of the date of the commission of the offense, . . . we do not interpret this rule in such a narrow fashion as to require testimony of a witness or witnesses *in haec verba* that, at the specific time of the taking of the stolen property, it had a market value of a specific amount. These facts may be established circumstantially, as well as by direct evidence, and the ultimate resolution of the value of the property at the time and place of the taking is clearly a fact question for the decision of the jury from the evidence adduced.

(Emphasis in original.) *State v. Weik*, 206 Neb. 217, 221, 292 N.W.2d 289, 291 (1980).

Generally, while the preferred method of establishing value may be by expert testimony, the purchase price paid by the owner is admissible as a factor for the jury to consider in determining market value when it is not too remote in time and bears a reasonable relation to market value. See *Coley v. State*, 302

Ark. 526, 790 S.W.2d 899 (1990). The value of the stolen property at the time of the crime may be established by proof of the original cost of the item reduced to reflect the actual condition of the property, in terms of how long it has been used and its state of utility or damage. *People v. White*, 167 A.D.2d 256, 561 N.Y.S.2d 756 (1990). Evidence of cost together with evidence concerning age, condition, and utility of the stolen item may afford a basis for determining value. *People v. Langston*, 96 Ill. App. 3d 48, 420 N.E.2d 1090, 51 Ill. Dec. 532 (1981). See, also, e.g., *State v. Spears*, 184 Ariz. 277, 908 P.2d 1062 (1996); *State v. Moody*, 113 N.H. 191, 304 A.2d 374 (1973); *State v. Brown*, 209 Kan. 493, 496 P.2d 1340 (1972); *Lester v. Com.*, 30 Va. App. 495, 518 S.E.2d 318 (1999); *State v. Merchant*, 871 S.W.2d 102 (Mo. App. 1994); *Anderson v. State*, 871 S.W.2d 900 (Tex. App. 1994); *Roundtree v. State*, 191 Ga. App. 423, 382 S.E.2d 173 (1989); *Brewer v. Com.*, 632 S.W.2d 456 (Ky. App. 1982) (cases finding purchase price to be sufficient evidence of market value where purchase is recent and condition of property is good).

Evidence of the purchase price of the goods, however, is competent evidence of fair market value only where the goods are so new, and thus, have depreciated in value so insubstantially as to allow a reasonable inference that the purchase price is comparable to the fair market value. See *People v. Paris*, 182 Colo. 148, 511 P.2d 893 (1973). See, also, e.g., *Zellers v. U.S.*, 682 A.2d 1118 (D.C. 1996); *Dunn v. Commonwealth*, 222 Va. 704, 284 S.E.2d 792 (1981); *Barry v. State*, 406 So. 2d 45 (Miss. 1981); *People v. Harold*, 22 N.Y.2d 443, 239 N.E.2d 727, 293 N.Y.S.2d 96 (1968); *State v. Lyman*, 966 P.2d 278 (Utah App. 1998); *Green v. State*, 603 So. 2d 130 (Fla. App. 1992) (cases finding purchase price to be insufficient evidence of market value where evidence was not presented as to age or good condition of property).

In the instant case, the digital camera was purchased, new, less than a month prior to the time that the theft was found to have taken place. The evidence indicated that the camera had never been used and, in fact, had not been removed from its packaging before it was turned over to the prosecution. We also note that the purchase price of the camera was well in excess of the $500 threshold established by § 28-518(2) for a Class IV felony. See *White, supra* (original cost sufficient evidence of

value where margin between cost and statutory threshold is wide). Compare *Lyman, supra* (original cost insufficient evidence of value where price paid for goods not significantly greater than statutory threshold).

Given these facts, we conclude that, in the light most favorable to the State, the purchase price of the digital camera was sufficient evidence of fair market value to support Gartner's conviction on count II of the information. The short amount of time between the purchase and the theft, in addition to the evidence of the camera's condition when stolen, supports a reasonable inference made by the trier of fact that the purchase price of the camera reflected the fair market value of the camera at the time of the theft.

### (d) Count VII

The same principles applied to count II lead to a different result with regard to count VII, which charged the theft of the fax machine. The fax machine was purchased on June 13, 1998, for a price of $525, and the jury found that the fax machine was stolen on January 7, 1999, and was still worth $525 at the time of the theft.

The fax machine was recovered by investigators on March 26, 1999. While Gartner testified that he had not opened the fax machine box, the only evidence presented regarding the condition of the fax machine at the time it was found came from a criminal investigator with the Nebraska State Patrol. The patrol investigator testified that he was not the one who actually located the fax machine and that the fax machine box had been opened when the investigator first saw it.

Thus, with respect to count VII, the only evidence of the market value of the fax machine at the time of the theft is the $525 price at which the fax machine was purchased, nearly 7 months prior to the theft. There was no substantial evidence presented as to the condition of the fax machine at the time of the theft from which the jury could make any reasonable inference regarding depreciation. Furthermore, the value that the jury found for the item, $525, is only marginally greater than the statutory threshold for a felony theft conviction established by § 28-518(2). Compare *State v. Lyman*, 966 P.2d 278 (Utah App. 1998). Under

the principles set forth above, we conclude that the evidence presented is insufficient to support the jury's determination regarding the value of the fax machine.

Having determined that the evidence on count VII is insufficient to support a conviction and sentencing for a Class IV felony, the remaining issue is the appropriate disposition of the charge. In *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992), the defendant was convicted of theft by shoplifting as a Class IV felony. This court found that the evidence of fair market value in that case was insufficient to justify a finding of theft punishable as a felony. *Id.* This court concluded, however, that the evidence showed beyond a reasonable doubt that the property stolen had "some intrinsic value that translates into nominal market value, notwithstanding the absence of evidence establishing a specific value for the stolen property." *Id.* at 265, 487 N.W.2d at 557-58. Thus, this court set aside the felony sentence and remanded the matter to the district court with direction to impose an appropriate sentence for theft as a Class II misdemeanor. See *id.*

However, the Nebraska Court of Appeals has concluded that this court's holding in *Garza* has been abrogated by the 1992 amendment to § 28-518 that reinserted value as an essential element of the offense of theft. See *State v. Ybarra*, 9 Neb. App. 230, 609 N.W.2d 696 (2000). In that case, the defendant was charged with, and found by the jury to be guilty of, theft by shoplifting as a Class IV felony. *Id.* The district court, however, concluded that the evidence of value was insufficient and found the defendant guilty of only a Class II misdemeanor. *Id.* The Court of Appeals concluded that

> the judge did not have the authority to reduce the conviction from a Class IV felony to a Class II misdemeanor based upon the insufficiency of evidence as to the value of the goods taken. The State failed to produce sufficient evidence to prove value, an essential element of theft by shoplifting property for more than $500 but less than $1,500. Accordingly, we reverse, and remand this cause with directions to dismiss.

*Id.* at 243, 609 N.W.2d at 705.

We disagree with the Court of Appeals' conclusion in *Ybarra, supra.* Section 28-518(8) requires only that "value shall be an

essential element of the offense that must be proved beyond a reasonable doubt." The statutory language requires only that some value be proved as an element of a theft offense, not that a particular threshold value be proved as an element of the offense.

We have examined the legislative history of 1992 Neb. Laws, L.B. 111, in an attempt to shed some light on the purpose of the amendment to § 28-518 that reinserted value as an essential element of the offense of theft. The only relevant discussion in the legislative history is the following statement by the amendment's introducer during the floor debate, as the senator explained the amendment that resulted in § 28-518(8):

> [T]his changes a Supreme Court or corrects what happened with a Supreme Court decision and that is that right now . . . the law had previously been assumed to be that when you get charged with a . . . with a theft, one of the elements of that offense that the prosecution has to prove . . . and, remember, we're dealing with criminal statutes, so these are things that the prosecution will have the burden of proving beyond a reasonable doubt. One of the things that the court . . . that the court changed or changed whatever they assumed was the law was that value is something that had to be proven. It's clearly, I think, or the policy should be that that is an element of the offense. If someone is charged with a felony, as it currently stands, since the Supreme Court decision, as it currently stands, the prosecution need not prove that the value was in excess of $300, even though that's what the statutes require. The statutes require that it be . . . have a value in excess of $300. Because the Supreme Court has interpreted the statutes in that direction, I believe this change is necessitated. What the second half of this amendment then would do is that it would simply require that value is an essential element of the offense that has to be proved. Basically, that part of the amendment would return us back to where, I believe, we thought we were prior to that decision.

Floor Debate, Judiciary Committee, 92d Leg., 2d Sess. 8968 (Feb. 13, 1992).

It appears that the Legislature based its decision to amend § 28-518 on a misunderstanding of *State v. Garza*, 241 Neb.

256, 487 N.W.2d 551 (1992). In that case, this court held that value was not an element of the offense of theft, but we specifically stated that "[a]lthough value is not an element of theft, the State must prove, by evidence beyond a reasonable doubt, the value of the property that is the subject of the theft charge." *Id.* at 263, 487 N.W.2d at 556. The senator's statement that "[i]f someone is charged with a felony, as it currently stands, since the Supreme Court decision, . . . the prosecution need not prove that the value was in excess of $300, even though that's what the statutes require" is contradicted by the plain language of *Garza*.

The difficulty we now face is in ascertaining the effect of a statutory amendment that attempted to fix a nonexistent problem; i.e., the Legislature amended a statute, intending to change the law to what the law already was. The language suggests that the Legislature intended simply that the State, in theft prosecutions, should be required to prove the value of the property taken beyond a reasonable doubt and that establishing value as an element of the offense was a means to this end. Therefore, the existence of § 28-518(8) should be read as accomplishing no more profound a change in the law than was intended by the Legislature, and certainly not where the statutory language does not so require.

It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *State v. Rubio*, 261 Neb. 475, 623 N.W.2d 659 (2001). The plain language of § 28-518(8) requires that the State must prove, as an element of a theft offense, that the item stolen has at least some intrinsic value. The statute does not require that proof of a specific value must be presented in order for the conviction to be sustained, although the State must prove the *specific value of the stolen property* at the time of the theft beyond a reasonable doubt in order to obtain a conviction for any offense *greater than* a Class II misdemeanor.

In other words, while § 28-518(8) now requires that intrinsic value be proved beyond a reasonable doubt as an element of the offense, proof of a specific value at the time of the theft is necessary only for gradation of the offense. To the extent

that *State v. Ybarra*, 9 Neb. App. 230, 609 N.W.2d 696 (2000), holds otherwise, it is expressly disapproved.

In the instant case, while the State failed to present evidence sufficient to support the jury's conclusion regarding the $525 value of the fax machine at the time of the theft, the evidence does establish beyond a reasonable doubt that the fax machine had some intrinsic value that translated to at least nominal market value at the time of the theft. Compare *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992). Consequently, the evidence is sufficient to support Gartner's conviction for theft. However, because the evidence of specific value at the time of the theft is not sufficient to support the gradation of the theft as a Class IV felony, Gartner's sentence on count VII must be vacated, and the cause remanded for imposition of an appropriate sentence for a Class II misdemeanor, pursuant to § 28-518(4). See *Garza, supra*.

## VI. CONCLUSION

We find no reversible error with respect to Gartner's convictions and sentences on counts II, III, V, and VI of the information, and we affirm those convictions and sentences. We affirm Gartner's conviction on count VII of the information, but vacate the sentence and remand the cause to the district court with direction to impose an appropriate sentence on Gartner for misdemeanor theft of property with a value of less than $200, a Class II misdemeanor. See § 28-518(4).

AFFIRMED IN PART, AND IN PART SENTENCE VACATED AND CAUSE REMANDED FOR RESENTENCING ON COUNT VII.

CONNOLLY, J., not participating.