754 N.W.2d 774 (2008)
16 Neb. App. 871
STATE of Nebraska, appellee,
v.
Joseph CONNOR, appellant.
No. A-07-1230.
Court of Appeals of Nebraska.
July 29, 2008.
*776 Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, Bellevue, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
*777 INBODY, Chief Judge, and SIEVERS and CARLSON, Judges.
SIEVERS, Judge.
Joseph Connor was convicted of theft by unlawful taking in the district court for Sarpy County and sentenced to a term of 1 to 3 years' imprisonment. He argues that the value of the items he stole was not established by sufficient evidence and that his sentence was excessive. We find that the State's evidence of value was insufficient to support the gradation of the offense for which Connor was sentenced, and therefore, we remand the cause to the trial court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND
On September 22, 2006, Connor was at a home improvement store in Bellevue, Nebraska. Several store employees witnessed Connor putting high-priced items in a shopping cart and then leaving the shopping cart in the garden center. The garden center has an area where customers can enter with their vehicles for the purpose of loading items into their cars. Connor left the cart in the garden center but soon returned to the garden center driving his vehicle, a Suburban. Without paying for the items, Connor loaded them into his Suburban and attempted to exit the garden center. At the exit, he was stopped by police who searched his Suburban and discovered the items that Connor had taken from the store without paying for them.
The store's "front-end" manager, Melissa Schwinn, who had been one of the employees observing Connor, identified the items in the Suburban as those that Connor had taken from the store. Schwinn provided the police with a typed description of the items and their retail value, and at Connor's jury trial on September 12, 2007, she testified as to each item's "retail sales price" and gave a figure of $1,477.16 as their "total retail value." The involved items included chains, cable pullers, router bits, a circular saw blade, saw blades, a laser-beam level, a pull scraper, a kitchen faucet, blinds, brackets, and some other smaller items. At trial, Schwinn was asked about the "retail sales price" of each of the items Connor had taken, and ultimately she was asked what the "total retail value" (emphasis supplied) was of the items Connor had taken from the store. Schwinn testified that the total retail value of the items was $1,477.16; however, she did not testify as to whether the store had sold any similar items to any customer for the "retail sales price" that she gave for the involved items in response to the prosecutor's question.
At trial, Connor made a motion for a continuance so that he could secure an independent appraisal of the value of the items, but the district court overruled his motion.
Connor was convicted of theft by unlawful taking involving property worth more than $500 but less than $1,500 in violation of Neb.Rev.Stat. § 28-511(1) (Reissue 1995), a Class IV felony under Neb.Rev. Stat. § 28-518(2) (Reissue 1995). He was sentenced to 1 to 3 years' imprisonment. Connor timely appealed.

ASSIGNMENTS OF ERROR
Connor assigns the following errors to the district court: (1) using the wrong measure of value to prove the value of the items at the time of the alleged theft, (2) not granting him a continuance to allow for the items to be examined by an appraiser, and (3) imposing an excessive sentence.

STANDARD OF REVIEW

Sufficiency of Evidence.
In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility *778 of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. State v. Aldaco, 271 Neb. 160, 710 N.W.2d 101 (2006). When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id.

Motion for Continuance.
A motion for continuance is addressed to the discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. State v. Santos, 238 Neb. 25, 468 N.W.2d 613 (1991).

Excessive Sentence.
Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. State v. Hamik, 262 Neb. 761, 635 N.W.2d 123 (2001). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. Id.

ANALYSIS

Whether State Presented Evidence Beyond Reasonable Doubt of Value of Items.
Connor argues the State did not present sufficient evidence such that the jury could have determined the value of the stolen items beyond a reasonable doubt. The State's evidence of the value of the stolen items came through the store's front-end manager, Schwinn. Schwinn identified the items found in Connor's car, provided the police with a printout of the price of the items, and testified to the retail sale price of each unpaid item at Connor's trial.
Connor relies on State v. Garza, 241 Neb. 256, 487 N.W.2d 551 (1992), in which the Supreme Court stated that price tags on items were not sufficient to establish the value of those items. The State must prove, beyond a reasonable doubt, the value of the property that is the subject of the theft charge. See id. Value to be proved concerning a theft is market value at the time and place where the property was criminally appropriated. There is no better way of showing the market value of any article than the price at which it and others of its class are being offered and sold on the market. Id. In reference to the crime of theft, value is established by evidence concerning the price at which property identical or reasonably similar to the property stolen is offered for sale and sold in proximity to the site of the theft. Id.
Here, although Schwinn testified to the "retail value" of the items, it is clear from our review of the evidence that this figure provided by Schwinn is simply the sum of the various amounts she said were the "retail sales prices" of the items. Thus, Schwinn's total figure of $1,477.16 for retail value, using the rubric of Garza, was merely the sum of the "price tags" to arrive at "retail value" of the stolen items. Garza makes it clear that the amount an item is priced for sale does not equate to market value and that the State's burden is to prove market value.
*779 After Garza was decided, the court decided State v. Gartner, 263 Neb. 153, 638 N.W.2d 849 (2002), which also held that proof of price at which a stolen item was offered for sale and sold in proximity to the site of the theft is evidence of market value. However, the court in Gartner also said:
Evidence of the purchase price of the goods, however, is competent evidence of fair market value only where the goods are so new, and thus, have depreciated in value so insubstantially as to allow a reasonable inference that the purchase price is comparable to the fair market value.
263 Neb. at 165, 638 N.W.2d at 860.
In the present case, the State's evidence of value was simply the "price tags"  disapproved in Garza, supra, when such is the sole evidence of value. The State failed to ask whether items like those taken by Connor had been recently sold at the prices that Schwinn said they were offered for retail sale on September 22, 2006, the day of the theft. As a result, we are forced by the clear precedent laid down in Garza, supra, and Gartner, supra, to find that the evidence was insufficient to support the jury's finding that the value of the stolen goods was $1,283.23. Consequently, there was insufficient evidence for the jury to find beyond a reasonable doubt that the items Connor stole from the store were worth $500 to $1,500. We reverse the district court's order in this regard.

Whether District Court Erred in Failing to Sustain Connor's Motion for Continuance.
Connor argues that the district court erred when it overruled his motion for a continuance, which he requested so that he could obtain an independent appraisal of the items' values. However, the State filed charges against Connor on November 1, 2006, and the trial was held on September 12, 2007, which means that Connor had more than 9 months to obtain an appraisal of the items. "`"Where due diligence by the moving party has not been shown, the ruling of the trial court overruling a motion for a continuance for the purpose of securing additional evidence will not be disturbed."'" State v. Broomhall, 221 Neb. 27, 31, 374 N.W.2d 845, 847-48 (1985). Connor did not show due diligence by waiting until his trial had already commenced to claim that he needed to obtain an independent appraisal of the items' values, given that he had more than 9 months to obtain an appraisal  if he really wanted such. The district court did not abuse its discretion in overruling Connor's motion for a continuance.

Whether District Court Imposed Excessive Sentence.
Connor was convicted of a Class IV felony and sentenced to 1 to 3 years' imprisonment. However, because we have found that the jury could not have found beyond a reasonable doubt that the items Connor stole were worth more than $500 but less than $1,500, we cannot affirm Connor's conviction of a Class IV felony or the corresponding prison sentence. See State v. Garza, 241 Neb. 256, 487 N.W.2d 551 (1992). However, the Garza court found that the evidence showed beyond a reasonable doubt that the property stolen had some intrinsic value that translates into nominal market value, notwithstanding the absence of evidence establishing a specific value for the stolen property. Therefore, the Garza court set aside the felony sentence imposed and remanded the matter to the district court with direction to impose an appropriate sentence for misdemeanor theft of property with a value less than $100, a Class II misdemeanor under § 28-518(4), now $200 or less.
*780 We reach the same result here, and therefore, we set aside Connor's felony conviction and remand this matter to the district court with direction to impose an appropriate sentence on Connor for misdemeanor theft of property with a value less than $200, a Class II misdemeanor. See, § 28-518(4); Garza, supra.

CONCLUSION
For the foregoing reasons we affirm in part and reverse in part the judgment of the district court, and we remand the cause with directions.
AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.