IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. LAWLESS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATGE OF NEBRASKA, APPELLEE,
V.
GAVIN P. LAWLESS, APPELLANT.

Filed February 25, 2014.    No. A-13-564.

Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Reversed and remanded with directions.

Desirae M. Solomon, of Schaefer Shapiro, L.L.P., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

INBODY, Chief Judge, and PIRTLE and MOORE, Judges.

MOORE, Judge.

Gavin P. Lawless appeals his conviction in the district court for Douglas County of theft by shoplifting. He argues that the value of the items he stole was not established by sufficient evidence and that the district court applied the wrong burden of proof in its judgment. We find that the State did not adduce sufficient evidence of value for the gradation of offense for which Lawless was convicted and remand the cause to the district court for resentencing.

FACTUAL BACKGROUND

On July 13, 2012, Lawless was observed taking a number of items from the Von Maur department store in the Westroads Mall. After Lawless left the store without paying for the items, two Von Maur loss prevention employees apprehended him in the mall area just outside the store. After a brief struggle, Lawless admitted to having taken items from the store and repeatedly stated that he "[could not] go to jail."

The State filed an information on July 23, 2012, charging Lawless with theft by shoplifting, $500 to $1,500, in violation of Neb. Rev. Stat. § 28-511.01(1) (Cum. Supp. 2012), a Class IV felony under Neb. Rev. Stat. § 28-518(2) (Cum. Supp. 2012). The case proceeded to

- 1 -

trial on March 13, 2013. At trial, the only witness to testify was Tyler Halvorsen, a loss prevention associate with Von Maur, who assisted in apprehending Lawless after he attempted to shoplift.

Halvorsen testified that Lawless took a total of 10 items from Von Maur on July 13, 2012. These items included three fragrance testers, a pair of jeans, three button-down shirts, and three T-shirts. Halvorsen explained that a fragrance tester is a fragrance bottle that is placed on a store counter for customers to sample. He later stated that Von Maur does not sell fragrance testers and interjected that he did not know why anybody would want "a half-used" bottle. However, he claimed that store policy was to charge the full price of a new fragrance to anyone caught stealing a tester.

As part of his job duties, Halvorsen is required to do "brand walks" in order to remain familiar with the store's merchandise and the prices and locations of that merchandise. Halvorsen also described how he utilizes Von Maur's point-of-sale system to determine merchandise pricing. Through this system, Halvorsen is able to enter any item's "UPC number" into a register and retrieve the item's price. This system is updated as the prices for merchandise change.

To prove the value of the items Lawless had taken, the State attempted to introduce two exhibits. The first, exhibit 2, was an incident report that Halvorsen prepared after Lawless was apprehended. Halvorsen testified that the preparation of this report is standard procedure. The particular report contained a case number, Lawless' personal information, witness information, and a "property information" section describing the items taken from the store. The property information section contained three columns in which the article number, description, and retail price of each item taken were handwritten. The State's second exhibit pertaining to value, exhibit 3, contained a color photograph of the items Lawless had taken and what amounted to a typed reproduction of the property information section from exhibit 2.

Lawless objected to the State's introduction of both exhibits on best evidence, foundation, and hearsay grounds. After discussion with the court, Lawless specified that he did not object to the photograph on the top portion of exhibit 3, but renewed his objection to the remainder of exhibit 3. The district court sustained Lawless' objection to exhibit 2 and the bottom portion of exhibit 3, but allowed the photograph from exhibit 3 into evidence.

Having been unable to introduce exhibits 2 and 3, the State resorted to questioning Halvorsen regarding the value of the items Lawless had taken. Lawless objected, but the trial court overruled the objection. The court found that the State had laid sufficient foundation to demonstrate Halvorsen's familiarity with the items' value. Over Lawless' continuing objection, Halvorsen testified that the three fragrance testers were selling for $73, $73, and $75. He later noted that these prices reflected the price charged for a new fragrance bottle. Halvorsen also testified that the jeans were selling for $98, the three button-down shirts were selling for $115 each, and the three T-shirts were selling for $49.50, $49.50, and $60. The total price of the 10 items was $823. For the entirety of this portion of his testimony, Halvorsen was permitted to utilize exhibit 2 to refresh his memory.

On cross-examination, Halvorsen conceded that he determined the clothing items' value by looking at the price tags and making sure the tags corresponded with the particular item. To determine the fragrance values, Halvorsen looked up the retail prices in the computer system. He

also testified that none of the items Lawless had taken had Von Maur tags attached to them. However, he recognized all of these items as being sold at the store.

At the close of Halvorsen's testimony, the State rested. Thereafter, Lawless moved for a directed verdict. Because neither party was going to call additional witnesses, the district court took the motion and the rest of the matter under advisement. On April 10, 2013, the district court filed a written order finding Lawless guilty of the charge of theft by shoplifting, $500 to $1,500. In its order, the court specifically noted that the State had "satisfied its burden of proof in the matter and had presented a prima facie case of the charges."

On June 26, 2013, the district court sentenced Lawless to 18 months' probation. He timely appeals.

## ASSIGNMENTS OF ERROR

Lawless assigns three errors to the district court. He argues, restated, that (1) there was insufficient evidence to sustain his conviction, (2) there was improper testimony about retail prices in violation of the best evidence rule, and (3) an incorrect burden of proof was used in the district court's judgment.

## STANDARD OF REVIEW

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

## ANALYSIS

*Sufficiency of Evidence to Convict Lawless*
*of Felony Theft by Shoplifting.*

Lawless argues that the State did not prove the value element of the crime of theft by shoplifting beyond a reasonable doubt. He claims there was insufficient evidence for the court to find that the items he stole from the store were worth $500 to $1,500. We agree.

Pursuant to § 28-518(8), intrinsic value must be proved beyond a reasonable doubt as an element of the offense of theft by shoplifting. Proof of a specific value at the time of the theft is necessary only for gradation of the offense. *Gartner, supra*. Value to be proved concerning a theft is market value at the time and place where the property was criminally appropriated. *Id*.; *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992). As to proof of value, there is no better way of showing the market value of any article than the price at which it and others of its class are being offered and sold on the market. *Id*. In reference to the crime of theft, value is established by evidence concerning the price at which property identical or reasonably similar to the property stolen is offered for sale and sold in proximity to the site of the theft. *Id*.

*Garza, supra*, makes it clear that there is an important distinction between an item's price and its market value. Price is the amount that a willing seller indicates as acceptable payment for an article offered for sale, whereas value, in relation to a theft charge, is the price obtainable for

property offered for sale in a market. *Id*. Price tags do not necessarily indicate the amount obtainable in the market through payment for the article offered for sale. *Id*.

In *State v. Connor*, 16 Neb. App. 871, 754 N.W.2d 774 (2008), this court confronted a situation in which the State's only evidence of value in a theft by shoplifting trial was derived from an employee's testimony of the retail value of the items taken. Even though the store employee testified to the items' retail value, we concluded that the ultimate figure was simply the sum of the price tags. *Id*. We noted that particular method of valuation had been disapproved in *Garza* and set aside the conviction. We reach the same conclusion in this case.

At trial, the State's evidence of value consisted solely of Halvorsen's testimony. He testified as to what price the items Lawless had taken were "selling for." He also testified that he verified the prices of the clothing items by matching an item's "UPC number" to the attached price tag. In the case of the fragrance testers, Halvorsen utilized the retail price in the computer system for new, unused bottles. We conclude that the use of the words "selling for" in this case is akin to the phrase "retail value" in *Connor*. Such testimony alone does not establish the value of the items under Nebraska law. See, *Garza, supra*; *Connor, supra*. To establish value, some evidence regarding sales is required in addition to the evidence of price. *Id*. Here, the State failed to ask whether the items had been recently sold at the prices which Halvorsen had noted.

The State's evidence regarding the value of the three fragrance testers is particularly problematic. During his testimony, Halvorsen acknowledged that Von Maur did not sell the fragrance testers that Lawless took that day. In fact, he questioned why a person would want to purchase a "half-used" bottle. Halvorsen testified to the full retail price of each particular fragrance, and noted that it was store policy to charge "the value that a brand new one would cost" to anyone who stole a tester. In addition to failing to adduce evidence as to actual sales of new, unused bottles of fragrances similar to those stolen by Lawless, there was also no evidence of actual sales of used fragrance testers.

Following the precedent established in *Garza, supra*, and *Connor, supra*, we find that the evidence was insufficient to support the district court's finding that the value of the stolen goods was $823. However, we find that the evidence did establish, beyond a reasonable doubt, that the property stolen had some intrinsic value that translates into nominal market value, notwithstanding the absence of evidence establishing a specific value for the stolen property. Therefore, we set aside Lawless' felony conviction and remand the matter to the district court with directions to impose an appropriate sentence on Lawless for misdemeanor theft of property with a value less than $200, a Class II misdemeanor. See, § 28-518(4); *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992); *State v. Connor*, 16 Neb. App. 871, 754 N.W.2d 774 (2008).

*Propriety of Halvorsen's Testimony on Prices.*

Lawless also argues that the district court erred by allowing Halvorsen to testify to the prices listed on the price tags and in the Van Maur computer system. He claims that the best evidence rule requires that those price tags or a computer printout of the prices be produced at trial. He contends that the State could not have proved that the value of the goods was between $500 and $1,500 without this evidence.

Because of our conclusion above regarding Lawless' first assignment of error, we need not address this argument. We have already concluded there was insufficient evidence to

establish that the value of the goods was between $500 and $1,500. This being the case, a discussion of the application of the best evidence rule is not necessary to the disposition of this matter. See *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

*District Court Judgment.*

Finally, Lawless argues that the district court erred by entering a judgment of guilty without finding that the State had proved its case beyond a reasonable doubt. Lawless focuses on the following language from the court's order: "[T]he State has satisfied its burden of proof in this matter and has presented a prima facie case of the charges against [Lawless], thus, this Court finds that [Lawless] is found guilty as charged." Lawless argues that the district court failed to find him guilty by the constitutionally required burden of proof beyond a reasonable doubt. He argues that this error is a structural error which requires reversal.

The Nebraska Supreme Court has defined a structural error as an error that so affects the framework within which the trial proceeds that it requires automatic reversal. See, *State v. Abram*, 284 Neb. 55, 815 N.W.2d 897 (2012); *State v. Barranco*, 278 Neb. 165, 769 N.W.2d 343 (2009). Structural errors have been limited to a few very specific categories--total deprivation of counsel, trial before a judge who is not impartial, unlawful exclusion of members of the defendant's race from a grand jury, denial of the right to self-representation at trial, and denial of the right to a public trial. *Abram, supra*.

Having closely reviewed the trial court's judgment in this case, we do not believe there is structural error, or any other error. As noted above, the trial court took Lawless' motion for a directed verdict under advisement along with the rest of the case. When it issued its order, the court found that the State had met its burden of proof *and* made a prima facie case that met the standard to overcome a motion for directed verdict. Lawless' reading of the judgment order places improper emphasis on the words "prima facie case." We find that this assigned error is without merit.

We further note that Lawless does not argue that the evidence was insufficient to find him guilty of theft by shoplifting beyond a reasonable doubt; rather, he only challenges the evidence of value as being insufficient to convict him of a felony offense as opposed to a misdemeanor offense. In our review, the evidence is clearly sufficient to find that Lawless is guilty of theft by shoplifting beyond a reasonable doubt. However, as we concluded above, the evidence of value was insufficient to establish a Class IV felony but was sufficient to establish a Class II misdemeanor.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and remand the cause with directions.

REVERSED AND REMANDED WITH DIRECTIONS.