Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/10/2023 09:06 AM CST

State of Nebraska, appellee, v.
Mary Rose Fernandez, appellant.

___ N.W.2d ___

Filed March 10, 2023.    No. S-22-416.

1. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.

2. **Effectiveness of Counsel: Appeal and Error.** Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law.

3. **Jury Instructions: Proof: Appeal and Error.** In an appeal based upon a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.

4. **Jury Instructions: Appeal and Error.** All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.

5. ____: ____. A jury instruction which misstates the issues and has a tendency to confuse the jury is erroneous.

6. **Jury Instructions.** Whenever an applicable instruction may be taken from the Nebraska Jury Instructions, that instruction is the one which should usually be given to the jury in a criminal case.

7. **Jury Instructions: Appeal and Error.** Although the Nebraska pattern jury instructions are to be used whenever applicable, a failure to follow the pattern jury instructions does not automatically require reversal.

8. **Jury Instructions.** A trial court's obligation is to instruct a jury correctly; so long as that is done, the source of its language is unimportant.

9. **Jury Instructions: Convictions: Appeal and Error.** Before an error in the giving of instructions can be considered as a ground for reversal of a conviction, it must be considered prejudicial to the rights of the defendant.

10. **Constitutional Law: Jury Instructions.** The proper inquiry is not whether a jury instruction "could have" been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury applied it in that manner.

11. **Verdicts: Juries: Jury Instructions: Presumptions.** Absent evidence to the contrary, it is presumed that a jury followed the instructions given in arriving at its verdict.

12. **Theft: Value of Goods: Appeal and Error.** When a fact finder determines the value of property in a theft case, an appellate court will not set aside the finding unless it is clearly erroneous.

13. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

14. **Effectiveness of Counsel: Appeal and Error.** Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Affirmed.

Angelica W. McClure, of Kotik & McClure Law, for appellant.

Douglas J. Peterson, Attorney General, and Teryn Blessin for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## I. INTRODUCTION

In this direct appeal, Mary Rose Fernandez challenges her conviction and sentence, pursuant to jury verdict, for theft by deception.[1] Fernandez primarily contends that a jury's determination of value in a theft prosecution must be a specific number. We first reject her challenge to a supplemental jury instruction and an amended verdict form permitting a verdict

---

[1] See Neb. Rev. Stat. §§ 28-512 and 28-518(2) (Reissue 2016).

by value ranges. We then determine that her ineffective assistance of counsel assignment failed to specifically allege deficient performance. Accordingly, we affirm.

## II. BACKGROUND

### 1. Information

The State filed an information charging Fernandez with theft by deception in violation of § 28-512. The information generally alleged that Fernandez used deception to obtain property, valued at $1,500 or more but less than $5,000, using a financial instrument that belonged to her sister. Because of the alleged value, it was purported to be a Class IV felony.

Fernandez entered a plea of not guilty, and the case proceeded to a jury trial. In the sections that follow, we summarize the trial proceedings to the extent necessary to address the assignments of error raised on appeal.

### 2. Evidence and Initial Instructions

The evidence adduced at trial showed that the victim, Fernandez' sister, was in a coma for 10 days in August 2020. During that time, Fernandez made various purchases and ATM withdrawals using her sister's debit card. The court received as evidence her sister's bank statement, which listed the following transactions:

| Date | Transaction | Amount |
|------|-------------|--------|
| 8/8/2020 | ATM withdrawal | $ 102.50 |
| 8/8/2020 | ATM withdrawal | 302.50 |
| 8/8/2020 | ATM withdrawal | 302.50 |
| 8/8/2020 | ATM withdrawal | 302.50 |
| 8/10/2020 | Walmart purchase | 22.11 |
| 8/10/2020 | Kwik Shop purchase | 34.87 |
| 8/10/2020 | ATM withdrawal | 302.75 |
| 8/10/2020 | ATM withdrawal | 302.75 |
| 8/10/2020 | ATM withdrawal | 402.50 |
| | TOTAL | $2,074.98 |

The State presented security camera videos, photographs, and witnesses' testimony that linked Fernandez to these transactions.

Fernandez' own testimony confirmed that she used her sister's debit card on the dates and at the locations set forth in the bank statement. Fernandez explained that she used the debit card with her sister's permission and withdrew a total of $2,900 in cash from her sister's bank account. Fernandez claimed that she later put the money into envelopes and that "it went back into her [sister's] purse."

Fernandez' sister testified that at no point did she give Fernandez permission to use her debit card. She further testified that when she woke from the coma, she learned that her wallet—which had been at Fernandez' house—was missing $130 in cash, and that there was a substantial amount of money missing from her bank account. She did not find envelopes of cash inside her purse.

After closing arguments, the court instructed the jury regarding the applicable law. Instruction No. 3 set forth the material elements of theft by deception and instructed that the State had the burden of proving each element beyond a reasonable doubt. Additionally, instruction No. 3 stated:

### Declaration of Value

> If you find . . . Fernandez guilty of Theft by Deception, you must then decide, beyond a reasonable doubt, the value of the property obtained by her on, about, or between August 8, 2020, and August 10, 2020, in Lancaster County, Nebraska. Once you have determined the value, record the amount on the appropriate place on the verdict form.

The court instructed the jury that its verdict must be unanimous. The original verdict form is not in the record before us. At oral argument, counsel seemed to agree that it contained a dollar sign followed by a blank space, in which the jury was to enter a specific number.

### 3. Deliberations and
### Supplemental Instructions

During deliberations, the jury submitted a handwritten question to the district court. It asked: "Do we, as a jury[,] need to reach a unan[i]mous decision regarding the value, assuming a unan[i]mous guilty verdict is reached? Or can it be majority vote?"

In response, the court proposed instruction No. 13, which stated:

> If you find . . . Fernandez guilty of Theft by Deception but you cannot reach a unanimous verdict as to the exact value of the property obtained by her on, about, or between August 8, 2020, and August 10, 2020, in Lancaster County, Nebraska, you may decide a range of the value of the property obtained by her on, about, or between August 8, 2020, and August 10, 2020, in Lancaster County, Nebraska, and designate the range on the amended verdict form provided to you.
>
> You must be unanimous as to the range you select.

The proposed amended verdict form provided in part:

> If you find . . . Fernandez is guilty of Theft by Deception but you cannot agree as to the value of the property, you may find the value of the property is within a range. (Circle your finding and only circle one of the following):
>
> Guilty of Theft by Deception with the property having a value between $.01 to $499.99.
>
> Guilty of Theft by Deception with the property having a value between $500.00 to $1,499.99.
>
> Guilty of Theft by Deception with the property having a value between $1,500.00 to $4,999.99.

The record indicates that before the court made these changes, Fernandez' counsel objected to both instruction No. 13 and the amended verdict form. He indicated that he thought there was "a requirement of unanimity as to value." He then

stated: "To that extent, I agree with the [c]ourt's language in [p]roposed [instruction] No. 13, that they must be unanimous as to the range of value." Fernandez' counsel further stated that he "somewhat disagree[d] with the idea that just the ranges are all that are necessary." To support his argument, he pointed to the comment accompanying a Nebraska pattern jury instruction.[2]

The State contended that instruction No. 13 and the amended verdict form accurately stated the law as set forth in *State v. Dixon*.[3] The court agreed with the State and ultimately tendered instruction No. 13 and the amended verdict form. The jury resumed deliberations.

### 4. Verdict and Sentencing

Following those deliberations, the jury found Fernandez guilty of theft by deception. On the amended verdict form, the jury circled the last range of values, finding that the property obtained by Fernandez had a value between $1,500 to $4,999.99. The court convicted Fernandez of theft by deception, a Class IV felony,[4] and sentenced her to 14 months' imprisonment.

Fernandez filed a timely appeal, which we moved to our docket.[5]

### III. ASSIGNMENTS OF ERROR

Fernandez assigns, reordered, that (1) the district court "erred [in] the wording of [j]ury [i]nstruction No. 13 and in amending the verdict form after the jury began deliberations" and (2) she received ineffective assistance of counsel, because "her trial counsel failed to present documents and witnesses that would support her defense."

---

[2] See NJI2d Crim. 3.6.

[3] *State v. Dixon*, 306 Neb. 853, 947 N.W.2d 563 (2020).

[4] See § 28-518(2).

[5] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

## IV. STANDARD OF REVIEW

[1] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[6]

[2] Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law.[7]

## V. ANALYSIS

### 1. Jury Instruction and Amended Verdict Form

The primary question presented by this appeal is whether the jury must unanimously agree upon a single, specific number in determining the value of property obtained by theft. Fernandez' first assignment of error challenges jury instruction No. 13—the supplemental instruction permitting a verdict by value ranges rather than a specific number—and asserts that the trial court erred in amending the verdict form after jury deliberations began.

We begin by setting forth the relevant provisions of § 28-518, which grades theft offenses based on the value of stolen property and imposes additional requirements. We then recite basic legal principles that guide our analysis of jury instructions. Finally, we address Fernandez' arguments.

### (a) Relevant Provisions in § 28-518

Under § 28-518, the greater the value of the property involved in a theft, the more severe the punishment which may be imposed on conviction for the theft.[8] As relevant to this appeal, the grading subsections of § 28-518 provide:

---

[6] *State v. Garcia*, 311 Neb. 648, 974 N.W.2d 305 (2022).

[7] *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021).

[8] *State v. Garza*, 241 Neb. 256, 487 N.W.2d 551 (1992), *disapproved on other grounds, State v. Dixon, supra* note 3.

(2) Theft constitutes a Class IV felony when the value of the thing involved is one thousand five hundred dollars or more but less than five thousand dollars.

(3) Theft constitutes a Class I misdemeanor when the value of the thing involved is more than five hundred dollars but less than one thousand five hundred dollars.

(4) Theft constitutes a Class II misdemeanor when the value of the thing involved is five hundred dollars or less.

The statute further provides that in determining the classification of the offense, amounts taken pursuant to one scheme or course of conduct may be aggregated.[9] Here, the State alleged that the total value of the property obtained by Fernandez was $1,500 or more but less than $5,000, making the offense a Class IV felony under § 28-518(2).

Another subsection[10] of § 28-518 defines value as an essential element of the offense that must be proved beyond a reasonable doubt. That subsection applies in any prosecution for theft,[11] including Fernandez' conviction for theft by deception.[12]

## (b) Legal Principles

[3-5] Before addressing Fernandez' arguments, we recall basic legal principles that guide our analysis of jury instructions. In an appeal based upon a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[13] All the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the

---

[9] See § 28-518(7).

[10] See § 28-518(8).

[11] See *id.*

[12] See § 28-512.

[13] *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

evidence, there is no prejudicial error necessitating reversal.[14] A jury instruction which misstates the issues and has a tendency to confuse the jury is erroneous.[15]

### (c) Discussion

To convict Fernandez of a Class IV felony for theft, the State had to prove beyond a reasonable doubt that the value of the stolen property was $1,500 or more but less than $5,000. Fernandez contends that the trial court erred in providing the supplemental jury instruction, which permitted a verdict based on value ranges rather than a specific number. For the reader's convenience, we repeat the supplemental instruction, which provided:

> If you find . . . Fernandez guilty of Theft by Deception but you cannot reach a unanimous verdict as to the exact value of the property obtained by her on, about, or between August 8, 2020, and August 10, 2020, in Lancaster County, Nebraska, you may decide a range of the value of the property obtained by her on, about, or between August 8, 2020, and August 10, 2020, in Lancaster County, Nebraska, and designate the range on the amended verdict form provided to you.
>
> You must be unanimous as to the range you select.

Fernandez argues that the instruction misstated the law and that it violated her constitutional right to a unanimous jury verdict. She further argues that the instruction precludes any determination as to whether the jury erred in its findings. We address each argument.

### (i) Misstatement of
### Law Argument

According to Fernandez, the supplemental instruction was a correct statement of the law only to the extent that it

---

[14] *State v. Jennings*, 312 Neb. 1020, 982 N.W.2d 216 (2022).

[15] *State v. Garcia, supra* note 6.

stated "'[the jury] must be unanimous.'"[16] She maintains that the language permitting the jury to decide on a value range rather than a specific value was clearly erroneous.

In the proceedings below, Fernandez objected to the supplemental instruction on the ground that it was inconsistent with the comment accompanying the pattern jury instruction in NJI2d Crim. 3.6. The comment states, in relevant part:

> NJI2d Crim. 3.6 requires that the jury state in the verdict form the precise value of the property taken. The Committee decision to require a specific jury statement as to value is a decision both as to what clearly is permissible under Nebraska law and to provide assistance to a judge making a restitution decision . . . .

On appeal, Fernandez again points to the comment accompanying NJI2d Crim. 3.6 in arguing that the jury must find the specific value of the stolen property to sustain a conviction. We are not persuaded.

[6,7] Whenever an applicable instruction may be taken from the Nebraska Jury Instructions, that instruction is the one which should usually be given to the jury in a criminal case.[17] However, although the Nebraska pattern jury instructions are to be used whenever applicable, a failure to follow the pattern jury instructions does not automatically require reversal.[18] Thus, whether the trial court followed the pattern jury instruction is not dispositive of this issue.

We next turn to our prior decisions that closely parallel the question presented by this appeal. Three cases are particularly instructive.

In *State v. Gartner*,[19] we interpreted the plain language of § 28-518(8), which states: "In any prosecution for theft

---

[16] Brief for appellant at 20.

[17] *State v. Morgan*, 286 Neb. 556, 837 N.W.2d 543 (2013).

[18] *State v. Freemont*, 284 Neb. 179, 817 N.W.2d 277 (2012).

[19] *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

under sections 28-509 to 28-518, value shall be an essential element of the offense that must be proved beyond a reasonable doubt." Our analysis led to an important conclusion.

We first explained that it is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. We observed:

The plain language of § 28-518(8) requires that the State must prove, as an element of a theft offense, that the item stolen has at least some intrinsic value. The statute does not require that proof of a specific value must be presented in order for the conviction to be sustained, although the State must prove the *specific value of the stolen property* at the time of the theft beyond a reasonable doubt in order to obtain a conviction for any offense *greater than* a Class II misdemeanor.[20]

We then held that while § 28-518(8) requires that intrinsic value be proved beyond a reasonable doubt as an element of the offense, proof of a specific value at the time of the theft is necessary only for gradation of the offense. Stated differently, "[t]he statutory language requires only that *some value* be proved as an element of a theft offense, not that a particular threshold value be proved as an element of the offense."[21]

In *State v. Almasaudi*,[22] we adhered to that interpretation. There, the defendant argued that the State did not properly establish the value of the stolen property to sustain his conviction. Citing our interpretation of § 28-518(8) in *Gartner*, we concluded that a rational trier of fact could have found that the stolen property had *some value* based on the

[20] *Id.* at 169, 638 N.W.2d at 863.

[21] *Id.* at 168, 638 N.W.2d at 862 (emphasis supplied).

[22] *State v. Almasaudi*, 282 Neb. 162, 802 N.W.2d 110 (2011).

evidence presented. We confirmed: "This is all that is required to support a conviction on a theft offense."[23]

Then, in *Dixon*,[24] we followed *Almasaudi*. In that case, the jury was given a verdict form on which it was directed to circle either "'[g]uilty'" or "'[n]ot [g]uilty'" regarding a felony theft offense.[25] The verdict form further directed the jury, if it found the defendant guilty of the offense, to find the value of the property by circling one of the following: "'$1,500.00 to $4,999.99,'"[26] "'$500.00 to $1,499.99,'"[27] or "'$0.01 to $499.99.'"[28] There, the jury returned the verdict form finding the defendant guilty of the theft offense and that the value of the property was $1,500 to $4,999.99.

In *Dixon*, we again observed that § 28-518(8) states that value shall be an essential element of a theft offense that must be proved beyond a reasonable doubt. We then explained:

> But in *State v. Almasaudi*,[[29]] we held that the statutory language of § 28-518(8) requires only that *some value* be proved beyond a reasonable doubt, not that a particular threshold value be proved. Stated differently, § 28-518(8) requires proof of a specific value only so the offense may be classified for purposes of punishment, but no specific value must be proved for the theft conviction to be sustained.[30]

---

[23] *Id.* at 175, 802 N.W.2d at 123.

[24] *State v. Dixon, supra* note 3.

[25] *Id.* at 859, 947 N.W.2d at 569.

[26] *Id.* See § 28-518(2).

[27] *State v. Dixon, supra* note 3, 306 Neb. at 859, 947 N.W.2d at 569. See § 28-518(3).

[28] *State v. Dixon, supra* note 3, 306 Neb. at 859, 947 N.W.2d at 569. See § 28-518(4).

[29] *State v. Almasaudi, supra* note 22.

[30] *State v. Dixon, supra* note 3, 306 Neb. at 868-69, 947 N.W.2d at 575 (emphasis supplied).

We understand § 28-518(8) and the foregoing cases inter-preting that subsection to require the State to prove and the jury to find only that the property at issue had some value in order to convict Fernandez of a theft offense. In addition, in order for any theft conviction to be graded above a Class II misdemeanor, the State had to prove and the jury had to find that the property at issue had a value falling within the ranges of value set forth for the various grades of theft in § 28-518.

[8] Here, the supplemental instruction stated that if the jury found Fernandez guilty of theft by deception but could not reach a unanimous verdict as to the exact value of the property, it "may decide a range of the value of the property obtained by [Fernandez]." This language sufficiently communicated to the jury that it must find *some value* in order to convict Fernandez of theft. Although the source of the instruction's language is unclear, we have established that a trial court's obligation is to instruct a jury correctly; so long as that is done, the source of its language is unimportant.[31]

Turning to the amended verdict form, however, the source of the language is clear. The record confirms that the trial court modified the verdict form based on its reading of *Dixon*. As amended, the verdict form directed the jury to select either "[g]uilty" or "[n]ot guilty" for the offense charged. If the jury found Fernandez "[g]uilty," there was a dollar sign followed by a blank space, in which the jury could enter its determination of value. The form then directed the jury, if it found Fernandez guilty of the offense, that it may find the value of the property was within one of the following ranges: "$.01 to $499.99,"[32] "$500.00 to $1,499.99,"[33] or "$1,500.00 to $4,999.99."[34] This language ensured that the jury would

---

[31] See *State v. Brunzo*, 248 Neb. 176, 532 N.W.2d 296 (1995).

[32] See § 28-518(4).

[33] See § 28-518(3).

[34] See § 28-518(2).

make a determination that would allow for the appropriate statutory grading of a theft offense.

The jury returned the verdict form finding Fernandez guilty of theft by deception and finding the value of the property was $1,500 to $4,999.99. In light of our precedent, we see no error in the amended verdict form or the accompanying instruction.[35] While we would generally discourage the practice of amending jury verdict forms during deliberations, we see no prejudice here.

Finally, we note that in other cases,[36] we have determined that the trier of fact must make a specific finding as to the value of the property stolen, before an order of restitution can be made. Fernandez further argues that the supplemental instruction and the amended verdict form were erroneous because they "infringe[d] on the rights of the victim to recover restitution from [Fernandez]."[37] But here, no restitution was ordered.

[9] Fernandez cannot allege prejudice based on her claim that the range instruction affected someone else's substantial rights. As noted above, in an appeal based upon a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[38] Before an error in the giving of instructions can be considered as a ground for reversal of a conviction, it must be considered prejudicial to the rights of the defendant.[39] We express no opinion how a similar instruction regarding value might

---

[35] See *State v. Gartner, supra* note 19 (stating district court did not err in providing verdict forms that were simply consistent with jury instructions given).

[36] See, e.g., *State v. Frandsen*, 199 Neb. 546, 260 N.W.2d 206 (1977).

[37] Brief for appellant at 22.

[38] *State v. Greer, supra* note 13.

[39] *State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012).

affect a restitution order in a different case. We next turn to Fernandez' constitutional argument.

### (ii) Constitutional Right to
### Unanimous Jury Verdict

Fernandez argues that the supplemental instruction violated her right to a unanimous jury verdict. She points to the U.S. Supreme Court's decision in *Ramos v. Louisiana*,[40] holding that the 6th Amendment right to a jury trial, as incorporated against the States by way of the 14th Amendment, requires a unanimous verdict to convict a defendant of a serious offense. In *Ramos*, the lower court convicted the defendant of a serious offense based on a 10-to-2 jury verdict. The U.S. Supreme Court reversed the lower court's judgment, finding the non-unanimous verdict infringed on the defendant's constitutional rights. According to Fernandez, allowing the jury to decide the value of the stolen property based on a range of values was "essentially instituting a situation directly analogous to the 10-2 verdict" in *Ramos*.[41]

[10,11] As noted above, all the jury instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating reversal.[42] The proper inquiry is not whether a jury instruction "could have" been applied in an unconstitutional manner, but whether there is a reasonable likelihood that the jury applied it in that manner.[43] Absent evidence to the contrary, it is presumed that a jury followed the instructions given in arriving at its verdict.[44] Applying

---

[40] *Ramos v. Louisiana*, ___ U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020).

[41] Brief for appellant at 21.

[42] *State v. Jennings, supra* note 14.

[43] *State v. Sandoval*, 280 Neb. 309, 788 N.W.2d 172 (2010).

[44] *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021).

these principles to the facts of this case, there are at least two problems with Fernandez' argument.

First, reading the jury instructions together, we presume that the jury arrived at a unanimous verdict. The jury instructions specifically advised the jury: "Any verdict you reach must be unanimous." They then emphasized: "[D]o not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors or for the mere purpose of returning a verdict." The supplemental instruction also advised the jury: "You must be unanimous as to the [value] range you select." We further note that jury instructions Nos. 2, 3, 4, 5, and 9 repeatedly advised the jury regarding the State's burden to prove each element of the offense beyond a reasonable doubt. We conclude that the jury's presumed adherence to the instructions indicates the jury reached a unanimous verdict and that the State proved each element beyond a reasonable doubt.

Second, the amended jury verdict form reflects that the jury made a single finding as to Fernandez' guilt and the stolen property's value. On the form, the jury indicated with an "x" that it found Fernandez guilty of theft by deception. It then circled: "Guilty of Theft by Deception with the property having a value between $1,500.00 to $4,999.99." This persuades us that the jury determined, unanimously, that Fernandez was guilty and that the value of the stolen property was $1,500 to $4,999.99. The record indicates that all 12 jurors, by a show of hands, confirmed that this was their verdict.

On these facts, we conclude that the jury reached a unanimous verdict as to Fernandez' guilt and the elements of the offense. Because Fernandez' constitutional right to a unanimous verdict was not violated, we find this argument to be without merit.

### (iii) Clear Error Argument

[12] Finally, we address Fernandez' contention that permitting a verdict by value ranges "makes it virtually impossible

for the [a]ppellate court to determine whether the value of the property was erroneous."[45] We have previously stated that when a fact finder determines the value of property in a theft case, an appellate court will not set aside the finding unless it is clearly erroneous.[46] That applies here. Based on the evidence presented at trial, we can conclude that the jury's finding as to value ($1,500 to $4,999.99) was not clearly erroneous.

The record demonstrates that the State introduced as evidence Fernandez' sister's bank statement, which reflected purchases and ATM withdrawals that add up to over $2,000. The State also presented security camera videos, photographs, and the testimony of multiple witnesses linking Fernandez to these transactions. Fernandez, herself, admitted that she withdrew a total of $2,900 in cash from her sister's account. Accordingly, this argument, too, lacks merit.

## 2. Ineffective Assistance of Counsel

Fernandez next assigns that she received ineffective assistance of counsel, because "her trial counsel failed to present documents and witnesses that would support her defense." The State contends that this assignment of error lacks the specificity we demand on direct appeal. We agree.

[13,14] An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[47] Further, assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.[48] We decline to do so here.

---

[45] Brief for appellant at 21.

[46] State v. Dixon, supra note 3.

[47] State v. Miranda, ante p. 358, 984 N.W.2d 261 (2023).

[48] Id.

## VI. CONCLUSION

On the facts of this case, we conclude that there was no prejudicial error in the supplemental instruction given by the district court or in supplying the amended verdict form. We further conclude that Fernandez failed to sufficiently allege deficient performance by her counsel in her assignment of error. Finding no error warranting reversal, we affirm the district court's judgment.

Affirmed.