IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. AMARO-SANCHEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ISRAEL AMARO-SANCHEZ, APPELLANT.

Filed April 11, 2023.    No. A-22-899.

Appeal from the District Court for Douglas County: JAMES M. MASTELLER, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Rebecca A. McClung for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Israel Amaro-Sanchez appeals his plea-based convictions for attempted first degree sexual assault and incest with a victim aged 17 or under. Amaro-Sanchez contends that the sentences imposed were excessive and that trial counsel was ineffective in failing to file a motion for discovery, failing to file a motion for production, and failing to advise him of the possible immigration consequences of his pleas. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

Following an investigation stemming from allegations of inappropriate conduct with his 16-year-old daughter, Amaro-Sanchez was charged with first degree sexual assault, a Class II felony, and incest (victim 17 years old or younger), a Class IIA felony. Pursuant to a plea

agreement, Amaro-Sanchez pled no contest to attempted first degree sexual assault and incest (victim 17 years old or younger), both Class IIA felonies.

The State provided a factual basis which set forth that, upon responding to a hospital report of a sexual assault, the victim's mother advised investigators that her husband, Amaro-Sanchez, had sexually assaulted his biological daughter who was born in April 2006. During a forensic interview, the victim reported that Amaro-Sanchez provided her with beer and shots of whiskey, then subjected her to cunnilingus and digital penetration of her vagina. After the victim told Amaro-Sanchez to stop, Amaro-Sanchez told her not to tell anyone and that he did not want to go to jail. At the time of the offenses, Amaro-Sanchez was 41 years old.

At the sentencing hearing, the district court stated:

> In determining the appropriate sentence in this case, I have considered the factors set forth in Nebraska Revised Statute Section 29-2260, as well as the defendant's age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, the motivation for the offense, the nature of the offense, and the amount, if any, of violence involved in the commission of the offense.
>
> [Amaro-Sanchez] is 41 years old. As to what brings him before the Court, basically, the sheriff's office was dispatched to the hospital shortly after midnight on May 30 of this year, where they made contact with the stepmother of the minor child . . . who advised that her husband, [Amaro-Sanchez], had sexually assaulted his daughter tonight while [the stepmother] was at work.
>
> The victim advised that [Amaro-Sanchez] . . . had her consume approximately four beers, a whiskey shot, and several puffs from a vape pen, which contained an unknown substance. She reported having been fondled by [Amaro-Sanchez], one hand underneath her shirt and the other fondling her vagina.
>
> [The victim] implored him to stop, saying, "You're my father. You can't be doing this." He continued to fondle her vagina, pulled down her boxers, pulled up her shirt, licked her breasts and vagina, penetrated her vagina with his fingers. She advised [that Amaro-Sanchez] tried to insert his penis at one point, but she was able to prevent him from doing so.
>
> When questioned, [Sanchez-Amaro] reports that he doesn't remember what exactly happened. He advised that he had been drinking until he passed out and doesn't remember anything after that. He does say that his daughter is a good girl, and he has no reason to think that she is lying.
>
> [Amaro-Sanchez'] criminal history is minimal. He has no prior felony convictions. [Amaro-Sanchez'] overall [level of service/case management inventory] LS/CMI score is 33, which places him in the very high risk category for community-based supervision.
>
> As part of the presentence investigation the probation office administered the New Vermont Assessment for Sex Offender Risk-2 and the Sex Offender Risk Intervention and Progress Scale [sic]. [Amaro-Sanchez] scored a 6 out of a possible 22 on the VASOR-2, placing him in the moderate/low risk range for reoffending. [Amaro-Sanchez] scored a 28 out of 48 on the SOTIPS, making him a high risk for reoffending. The combined scores [make] him a moderate/high risk for reoffending.

. . . a history of sexual abuse does place [the victim] at significant risk for long-term mental health and physical health complications.

The probation office does not believe [Amaro-Sanchez] is an appropriate candidate for probation and recommends that the Court sentence [him] to straight sentences of incarceration.

The district court sentenced Amaro-Sanchez to 10 to 20 years' imprisonment for each of his convictions. The sentences were ordered to be served consecutively and he was credited for 169 days previously served. Amaro-Sanchez has timely appealed to this court and is represented by different counsel than represented him during his pleas and sentencing.

## III. ASSIGNMENTS OF ERROR

Amaro-Sanchez' assignments of error, consolidated and restated, are that (1) the sentences imposed were excessive and (2) trial counsel was ineffective in failing to (a) file a motion for discovery and/or a motion for production, and (b) advise him of the possible immigration consequences of his pleas.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Fernandez*, 313 Neb. 745, 986 N.W.2d 53 (2023).

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Amaro-Sanchez first contends that the sentences imposed upon him were excessive. Specifically, he claims that the court failed to sufficiently consider mitigating factors and placed too much emphasis on the nature of the offense.

Amaro-Sanchez pled to two Class IIA felonies and was sentenced to 10 to 20 years' imprisonment on each conviction. See, Neb. Rev. Stat. § 28-201(4)(b) (Reissue 2016) (criminal attempt); Neb. Rev. Stat. § 28-319(1)(a) (Reissue 2016) (first degree sexual assault); Neb. Rev. Stat. § 28-703 (Reissue 2016) (incest). These sentences are within the statutory sentencing range for Class IIA felonies which are punishable by a minimum of no imprisonment and a maximum of 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Further, Amaro-Sanchez received a benefit from his plea agreement in which a Class II felony was reduced to a Class IIA felony.

Further, we reject Amaro-Sanchez' claim that the district court placed insufficient emphasis on some factors and placed too much emphasis on the nature of the offense. When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

During the sentencing hearing, the court noted that it had considered the statutory factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2016), "as well as [Amaro-Sanchez'] age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, the motivation for the offense, the nature of the offense, and the amount, if any, of violence involved in the commission of the offense." The court then gave an extensive recitation of the facts of the case and information contained in the presentence investigation report. We further note that although Amaro-Sanchez' criminal history does not include any sexual offenses, it does include convictions for driving under the influence, domestic violence, driving on a suspended license, failure to appear, and other minor offenses.

As the Nebraska Supreme Court has stated:

Though it is always good practice for district courts to provide a record of their reasoning, like § 29-2260, § 29-2281 does not require the sentencing court to specifically articulate that it has considered the listed statutory factors. It also does not require that trial courts make explicit findings as to facts pertaining to the statutory factors or the relative weight given to each factor.

*State v. McCulley*, 305 Neb. 139, 148, 939 N.W.2d 373, 382 (2020).

In sum, based upon factors including that the sentences imposed were within the statutory sentencing range, the benefit that Amaro-Sanchez received from the plea agreement, his very high risk to reoffend as assessed by the LS/CMI, the nature of the offenses, his failure to take responsibility for the commission of the offenses, and his criminal history, the sentences imposed did not constitute an abuse of discretion.

## 2. Ineffective Assistance of Trial Counsel

Amaro-Sanchez' second assignment of error is that his trial counsel was ineffective in failing to (a) file a motion for discovery and/or a motion for production and (b) advise him of the possible immigration consequences of his pleas.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record in order to preserve such claim. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal; the determining factor is whether the record is sufficient to adequately review the question. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The record is sufficient to resolve on direct appeal a claim of ineffective assistance of counsel if the record affirmatively proves or rebuts either deficiency or prejudice with respect to the defendant's claims. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. John*, 310 Neb. 958, 969 N.W.2d 894 (2022). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable

probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement of an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018).

(a) Motion for Discovery and/or Motion
for Production of Documents

Amaro-Sanchez contends that his trial counsel was ineffective in failing to file a motion for discovery and/or a motion for production.

A similar assignment was made by the appellant in *State v. Fernandez*, 313 Neb. 745, 986 N.W.2d 53 (2023), In *Fernandez*, the Nebraska Supreme Court rejected the appellant's claim that she received ineffective assistance of counsel because "'her trial counsel failed to present documents and witnesses that would support her defense.'" *Id.*, 313 Neb. at 761, 986 N.W.2d at 64. The court held that this assignment of error lacked the specificity demanded on direct appeal. See also *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023) (assignment of error insufficiently alleged where appellant broadly argued that trial counsel was ineffective in failing to file motions to suppress but failed to provide basis for filing such motions).

Amaro-Sanchez' assigned error is broadly stated and does not identify what discovery or other information that he allegedly failed to receive. As our court noted in *State v. Woodruff*, 30 Neb. App. 193, 205, 965 N.W.2d 836, 846-47 (2021):

> It has been held that a claim of ineffective assistance of counsel that is insufficiently stated is no different than a claim not stated at all. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014). Therefore, if insufficiently stated, an assignment of error and accompanying argument will not prevent the procedural bar accompanying the failure to raise all known or apparent claims of ineffective assistance of trial counsel. *Id.*

Further, even if Amaro-Sanchez' assigned error had been sufficiently pled, we note that the record on direct appeal establishes that the district court ordered "mutual and reciprocal discovery pursuant to Neb. Rev. Stat. § 29-1912 [Cum. Supp. 2022]." Section 29-1912 provides, in pertinent part,

> (1) When a defendant is charged with a felony or when a defendant is charged with a misdemeanor or a violation of a city or village ordinance for which imprisonment is a possible penalty, he or she may request the court where the case is to be tried, at any time

after the filing of the indictment, information, or complaint, to order the prosecuting attorney to permit the defendant to inspect and copy or photograph:

(a) The defendant's statement, if any. For purposes of this subdivision, statement includes any of the following which relate to the investigation of the underlying charge or charges in the case and which were developed or received by law enforcement agencies:

(i) Written or recorded statements;

(ii) Written summaries of oral statements; and

(iii) The substance of oral statements;

(b) The defendant's prior criminal record, if any;

(c) The defendant's recorded testimony before a grand jury;

(d) The names and addresses of witnesses on whose evidence the charge is based;

(e) The results and reports, in any form, of physical or mental examinations, and of scientific tests, or experiments made in connection with the particular case, or copies thereof;

(f) Documents, papers, books, accounts, letters, photographs, objects, or other tangible things of whatsoever kind or nature which could be used as evidence by the prosecuting authority; and

(g) Reports developed or received by law enforcement agencies when such reports directly relate to the investigation of the underlying charge or charges in the case.

Because the district court ordered mutual and reciprocal discovery, pursuant to § 29-1912, the State had the obligation to disclose information which was material to the presentation of a defense to the charge or charges against the defendant. See *State v. Johnson*, 31 Neb. App. 207, 979 N.W.2d 123 (2022), *review denied* (Aug. 29, 2022). Further, during the plea hearing, the court asked trial counsel "To the best of your knowledge, have you received all discovery to which you're constitutionally and statutorily entitled?" Trial counsel responded "Yes." Amaro-Sanchez did not contradict his counsel's statement. Further, Amaro-Sanchez responded affirmatively when asked by the court if he was "satisfied with your attorney, and do you believe that he's properly represented you throughout this case?"

In sum, Amaro-Sanchez' claim that his trial counsel was ineffective for failing to file a motion for discovery or for production of documents was insufficiently pled or, in the alternative, the record on direct appeal refutes his claim.

(b) Immigration Consequences of Plea

Amaro-Sanchez also contends that his trial counsel was ineffective for failing to advise him of the immigration consequences of his pleas. We find that, even if trial counsel was deficient for failing to advise Amaro-Sanchez of the immigration consequences of pleading to the amended charges, that deficient performance would not have prejudiced Amaro-Sanchez because the district court specifically advised Amaro-Sanchez of the immigration consequences of his pleas during the plea hearing.

During the plea hearing, the district court advised Amaro-Sanchez of his rights including the immigration consequences of entering pleas. The district court advised Amaro-Sanchez that "[i]f you are not a United States citizen, you are hereby advised that conviction of the offense for

which you have been charged may have the consequences of removal from the United States or denial of naturalization pursuant to the laws of the United States. Do you understand that?" Amaro-Sanchez responded "Yes, I do." Later in the hearing, the following colloquy between the court and Amaro-Sanchez occurred:

> THE COURT: Is there anything that has occurred in this hearing today that you do not understand?
> [Amaro-Sanchez]: No.
> THE COURT: Do you have any questions for me or for your attorney?
> [Amaro-Sanchez]: No.

Here, the record on direct appeal is sufficient to adequately resolve this specific assignment of ineffective assistance of Amaro-Sanchez' trial counsel. Even assuming without deciding that trial counsel did not discuss with him the immigration consequences of entering a plea, the record affirmatively establishes that Amaro-Sanchez was specifically advised of the immigration consequences of convictions of the charges by the district court. Because the record affirmatively establishes that Amaro-Sanchez was not prejudiced by this claim of ineffective assistance by his trial counsel, this claim of ineffective assistance of trial counsel fails.

## VI. CONCLUSION

Having considered and rejected Amaro-Sanchez' assignments of error, his convictions and sentences are affirmed.

AFFIRMED.