IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BONAR

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DONALD G. BONAR, APPELLANT.

Filed January 7, 2025.    No. A-24-202.

Appeal from the District Court for Nemaha County: JULIE D. SMITH, Judge. Affirmed.

Oluseyi O. Olowolafe, Nemaha County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Donald G. Bonar appeals from his convictions in the district court for Nemeha County for theft by unlawful taking and criminal mischief arising out of Bonar's removal of a walnut tree on property not owned by him. On appeal, Bonar argues that the district court erred in failing to grant a mistrial and in allowing inadmissible valuations into evidence that led to his conviction of a Class IV felony. Finding no error, we affirm Bonar's convictions.

## BACKGROUND

*The Property.*

Thomas Rosenquist owned 40 to 45 acres of land which consisted mostly of timber with some trails. The property had been in his family for over 30 years. Rosenquist did not live at the property full time but was there most weekends and during vacations throughout the year. As part

- 1 -

of his retirement plan, Rosenquist researched wood mills and planned to salvage and mill the trees on his property.

According to Rosenquist, in March or April 2021, his neighbor introduced him to Bonar, who did salvage work. Following a separate business transaction involving Bonar's purchase of an old bus on Rosenquist's property, Rosenquist spoke with Bonar about cutting down some trees on his property. He told Bonar he was getting a sawmill and that he would do everything else; he just needed three trees cut down. Rosenquist denied ever approving removal of any of the trees; however, Bonar testified Rosenquist told him to remove two of the trees.

*Removal and Sale of Tree.*

On August 7, 2021, Rosenquist came to the property and found a walnut tree had been cut down and the saw log, or trunk, had been removed. The stump remained, and the canopy of the tree had been left down a hill. A nearby fence had been flattened. The trees Rosenquist had discussed being removed by Bonar had not been touched. Rosenquist contacted Bonar and asked him what happened to the tree, and Bonar told Rosenquist that he had cut it down. Bonar sold the saw log to a sawmill for $609.

Bonar was charged with theft by unlawful taking, $1,500 to $5,000, a Class IV felony, and criminal mischief, a Class III misdemeanor. See, Neb. Rev. Stat. § 28-518(2) (2023 Cum. Supp.); Neb. Rev. Stat. § 28-519(5) (Reissue 2016). Although the parties disputed at trial whether Bonar had permission to remove the tree, Bonar does not argue this issue on appeal. Rather, Bonar raises issues related to valuation, so we set forth the facts related to that issue.

*Valuation of Tree.*

Rosenquist testified that if he had the saw log, he would have milled it himself, and he believed he could have sold the boards for approximately $3,500.

The owner of the sawmill that purchased the saw log from Bonar testified that when purchasing a log, he measures the end and the length, and then uses a scale to determine how many board feet would be in the log. He does not pay attention to any defect in a log, if it is not obvious, as it does not lower the value for him. The owner keeps a list that tells him what he would pay for different saw logs. Anyone that brought in the same type of log as Bonar would have received $609, but when asked if that was the market price the owner responded, "For me, yes."

The State retained a certified arborist to provide a valuation of the tree. He testified he used a general, worldwide standard set by an industry group to determine his valuation. Using this industry standard, he applied a variety of factors to calculate the value, and determined the value of the walnut tree to be $5,120.

*Verdict and Order.*

The jury found Bonar guilty of theft and determined the value of the walnut tree to be $4,500. The criminal mischief charge was tried by the court and it found Bonar guilty, and that he had caused a pecuniary loss of $120. Bonar appeals.

ASSIGNMENTS OF ERROR

Bonar assigns that the district court erred by (1) not granting his motion for mistrial after the State improperly revealed an exhibit to jurors, (2) admitting evidence regarding other values

of the saw log when market value was available, and (3) accepting the jury's determination regarding the value of the saw log, which was not supported by the evidence to sustain a sentence of theft by unlawful taking with a value over $1,500 and below $5,000.

## STANDARD OF REVIEW

An appellate court will not disturb a trial court's decision whether to grant a motion for mistrial unless the trial court has abused its discretion. *State v. Lenhart*, 317 Neb. 787, 11 N.W.3d 661 (2024).

A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id*.

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules and judicial discretion is involved only when the rules make discretion a factor in determining admissibility. *State v. Cerros*, 312 Neb. 230, 978 N.W.2d 162 (2022). Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *Id*. A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of that discretion. *Id*.

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Brown*, 317 Neb. 273, 9 N.W.3d 871 (2024).

## ANALYSIS

*Motion for Mistrial.*

Bonar argues the district court erred in not granting his motion for mistrial. A mistrial is properly granted in a criminal case where an event occurs during the course of trial which is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. See *State v. Lenhart, supra.* In order to prove error predicated on the failure to grant a mistrial, the defendant must prove the alleged error actually prejudiced him or her, rather than creating only the possibility of prejudice. *Id*.

Here, while Rosenquist was testifying, the State offered exhibit 1, Rosenquist's voluntary written statement to investigators. Bonar made a hearsay objection, and the district court sustained the objection based on hearsay and bolstering and did not receive the exhibit into evidence. Later in the trial, the State presented exhibit 1 to another witness, but did not reoffer it. The State requested permission to publish other exhibits offered and received during that witness' testimony. Immediately thereafter, according to our record, the court inquired whether the jury also had exhibit 1. Although there is no verbal response recorded, the court stated, "So I want the record to reflect that Exhibit 1 made it to two jurors, No. 12 and 15 [sic]. To the extent you read anything from Exhibit 1, you are instructed to disregard anything that you read in Exhibit 1."

At the conclusion of that witness' testimony, the district court specifically asked both jurors that had seen exhibit 1 if they would disregard it, and both confirmed they would.

Bonar made a motion for mistrial based on the two jurors having seen exhibit 1. The State responded that the exhibit was cumulative to the testimony Rosenquist had given the day prior, that the jurors indicated they would disregard the exhibit, and there was no reason to say they were unable to do so. After reviewing the exhibit, the district court determined that there was nothing in it that would be prejudicial to Bonar. The district court denied the motion for mistrial.

Although Bonar argues that seeing an exhibit differs from hearing inadmissible testimony, he offers no authority to support this contention. We therefore find current precedent governing inadmissible testimony applicable. Without more, the simple fact that a jury heard an improper statement is not enough to produce the requisite prejudice required to prove error predicated on the failure to grant a mistrial. See *State v. Lenhart*, 317 Neb. 787, 11 N.W.3d 661 (2024). Error cannot ordinarily be predicated on the failure to grant a mistrial if an objection or motion to strike the improper material is sustained and the jury is admonished to disregard such material. *Id*. When jurors have been so admonished, it is presumed that a jury followed the instructions given in arriving at its verdict, and unless it affirmatively appears to the contrary, it cannot be said that such instructions were disregarded. *Id*.

While two jurors did have access to exhibit 1 for a brief period of time, both confirmed they would disregard anything they saw in the exhibit. Under our precedent, we assume they did. Furthermore, after reviewing the exhibit, we agree with the district court that it does not appear to contain anything prejudicial to Bonar. Most of the information contained in the exhibit conforms with Rosenquist's testimony at trial. We cannot say the district court abused its discretion in denying Bonar's motion for mistrial. This assignment of error fails.

*Evidence of Saw Log's Value.*

Bonar assigns that the district court erred by admitting evidence regarding other values of the saw log taken when the market value was available. Specifically, he argues the district court erred in allowing Rosenquist to testify as to the value of the boards that could be obtained from the saw log after it had been milled. Bonar argues the district court erred in allowing the arborist to testify to the insurance value of the entire tree. The State responds that Bonar did not raise these objections before the district court and that he cannot now complain that the district court failed to do something he did not ask it to do.

A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *State v. Johnson*, 314 Neb. 20, 988 N.W.2d 159 (2023). An appellate court will not consider an argument or theory that is raised for the first time on appeal. *Id*. Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Id*.

Bonar acknowledges that he failed to object at trial to the evidence he now argues was inadmissible, but requests that this court review under plain error. But even under such a review, we find no reversible error. See *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020).

In *Senteney*, the Nebraska Supreme Court was asked to conduct a plain error review of whether the trial court erred in allowing one witness to testify as to another person's credibility.

*Id*. Despite recognizing that even the State acknowledged that portions of the complained of testimony violated Nebraska law, the Court refused to find plain error. It explained:

> We have said that generally, we will find plain error only when a miscarriage of justice would otherwise occur. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020). Error must be plainly evident from the record, and it must be such that it prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. See *id*.
>
> In this case, [defendant] claims that the court erred when it "allowed" testimony that violated the rules of evidence. As a general matter, during a trial a court is not obligated to rule sua sponte on the admissibility of testimony, and therefore without an objection it is difficult to say a court committed plain error when it allowed specific testimony. See *State v. Pointer*, 224 Neb. 892, 894, 402 N.W.2d 268, 270 (1987) ("[w]ithout an objection by defendant at trial, the trial court has no obligation to interject itself into the proceedings to make rulings not requested. Such actions might well trample on defendant's trial tactics not known to the court"). . . . We are not inclined to readily find plain error in testimony to which the opposing party did not object.

*State v. Senteney*, 307 Neb. at 711, 950 N.W.2d at 591-92.

Bonar was charged with theft by unlawful taking, $1,500 or more, but less than $5,000. A copy of the complaint is not in our record; however, the court's verbatim recitation of the jury instructions is contained in the bill of exceptions. These instructions clearly indicate that Bonar was charged with theft of the walnut tree, not just the saw log. The jury was further instructed that it was required to determine the value of the walnut tree, and its verdict, also read verbatim into the record, reveals a determination that the "value of the walnut tree was $4,500."

The value of the property stolen is an essential element of the offense that must be proved beyond a reasonable doubt. *State v. Fernandez*, 313 Neb. 745, 986 N.W.2d 53 (2023). See also § 28-518(9). Value to be proved concerning a theft is market value at the time and place where the property was criminally appropriated. *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

The evidence revealed that Bonar cut down a walnut tree owned by Rosenquist and sold a portion of it, leaving the remainder of the tree. Rosenquist, the tree's owner, testified as to his opinion that boards milled from the saw log could have been sold for approximately $3,500; the purchaser of the saw log testified as to the amount he purchased it for, and an arborist testified as to the value of the tree. Given the State's burden to prove that the walnut tree was valued between $1,500 and $5,000 and the jury's responsibility to determine its value, we find no plain error in the court's failure to sua sponte limit evidence of value to the price paid for the saw log.

*Jury's Valuation of Saw Log.*

Bonar assigns that the district court erred by accepting the jury's determination regarding the value of the saw log, arguing such value was not supported by the evidence to sustain a sentence of theft by unlawful taking with a value over $1,500 and below $5,000. Bonar recognizes that he did not raise this issue at trial and requests plain error review. However, we read Bonar's assignment of error and argument as asserting that the evidence was insufficient to support the jury's finding of the value of the saw log; sufficiency of the evidence is properly raised for the first

time on appeal. Nonetheless, when a fact finder determines the value of property in a theft case, an appellate court will not set aside the finding unless it is clearly erroneous. See *State v. Fernandez, supra*. Hence, unless the jury's valuation is clearly erroneous, the evidence is sufficient to support its value and the gradation of the theft.

As above, we observe that Bonar was charged with theft of the walnut tree, not just the saw log. He erroneously argues that the jury valued the saw log rather than the walnut tree itself. Based on this erroneous belief, he asserts that the "only appropriate evidence for the jury to base their valuation on was the testimony of [the sawmill owner], who stated that he paid $609 for the saw log, which represents the only evidence of the market value of the walnut saw log." Brief for appellant at 21.

Conversely, as to the tree's value, an arborist testified the tree had a value of $5,120 and Rosenquist estimated that boards milled from the saw log could have been sold for approximately $3,500, thus representing the value of the tree to him. The jury returned a verdict and found the value of the walnut tree was $4,500.

The jury's value of the walnut tree fell within the range testified to by the arborist and Rosenquist; therefore, we cannot find it clearly erroneous. See *State v. Marks*, 28 Neb. App. 261, 943 N.W.2d 308 (2020) (affirming jury's value of stolen item that fell within range of values testified to). The evidence was sufficient to support the jury's valuation of the walnut tree.

CONCLUSION

We find that the district court did not abuse its discretion in denying Bonar's motion for mistrial, that there was no plain error in the admission of valuation testimony, and the evidence was sufficient to support the jury's valuation of the walnut tree. We affirm the judgment of the district court.

AFFIRMED.